IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| THE TENNIS CHANNEL, INC., <br><br>　　　　　　Petitioner, <br><br>　　v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br>　　　　　　Respondents. | Case No. 15-1067 |

### MOTION TO INTERVENE
### OF COMCAST CABLE COMMUNICATIONS, LLC

Pursuant to 47 U.S.C. § 402(a), 28 U.S.C. § 2348, Federal Rule of Appellate Procedure 15(d), and Circuit Rule 15(b), Comcast Cable Communications, LLC ("Comcast") respectfully moves for leave to intervene as of right in this proceeding.

The Tennis Channel, Inc. ("Tennis Channel") has petitioned for review of an FCC order captioned *Tennis Channel, Inc. v. Comcast Cable Communications, LLC,* Order, MB Docket No. 10-204, File No. CSR-8258-P, FCC 15-7 (released Jan. 28, 2015) ("Order"). *See* Pet. for Review 1; *id.* Ex. A (Order). The Order denied an administrative complaint that Tennis Channel filed against Comcast. Order ¶ 1.

Tennis Channel's complaint claimed that Comcast violated Section 616 of the Communications Act of 1934, 47 U.S.C. § 536, by discriminating against Tennis Channel on the basis of affiliation. Order ¶ 4. The FCC originally ruled in Tennis Channel's favor on that claim, *id.* ¶ 5, but this Court granted Comcast's petition for review and overturned the FCC's decision. *Comcast Cable Communications, LLC v. FCC*, 717 F.3d 982, 987 (D.C. Cir. 2013). The panel unanimously ruled that Tennis Channel had failed to prove that Comcast discriminated on the basis of affiliation. *Id.* at 984, 987. This Court denied Tennis Channel's petition for rehearing *en banc*, and the Supreme Court denied Tennis Channel's petition for a writ of certiorari. Order ¶ 6 n.16.

Tennis Channel then filed a petition before the FCC arguing that, despite this Court's decision in favor of Comcast, the agency should conduct further proceedings and reaffirm its original ruling in favor of Tennis Channel. Order ¶ 6. The Order rejected that request, denied Tennis Channel's complaint, and brought the proceedings to a close. *Id.* ¶¶ 7-8. The Order denied Tennis Channel's complaint based on this Court's ruling that "the record contains no evidence that Comcast discriminated against [Tennis Channel] unlawfully under Section 616 of the Act and its implementing rules." *Id.* ¶ 7. The Order also rejected Tennis Channel's request to reopen the record. *Id.* ¶ 8. It explained that this Court's decision left the FCC with no discretion to reopen the proceedings, *id.* ¶ 8 n.30,

and concluded that, even assuming that the FCC had such discretion, "the interest in bringing the proceeding to a close outweighs any interest in allowing Tennis Channel a second opportunity to prosecute its program carriage complaint," *id.* ¶ 8.

Pursuant to 28 U.S.C. § 2348, Comcast is entitled to intervene in this case as of right. Section 2348 provides that where review of an agency order is sought pursuant to chapter 158 of Title 28, as it is here (*see* Pet. for Review 2), "any party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended, may appear as [a] part[y] thereto of [its] own motion and as of right, and be represented by counsel in any proceeding to review the order." 28 U.S.C. § 2348. Comcast was the defendant in the complaint brought by Tennis Channel, and Comcast's interests would be directly affected if the Order denying that complaint is or is not enjoined, set aside, or suspended. Comcast is therefore entitled to intervene and appear as a party in this case.

## CONCLUSION

For these reasons, Comcast's motion to intervene should be granted.

Dated:  April 3, 2015    Respectfully submitted,

  /s/ Miguel A. Estrada

Lynn R. Charytan   Miguel A. Estrada
*Senior Vice President, Legal*     *Counsel of Record*
*Regulatory Affairs, and*   GIBSON, DUNN & CRUTCHER LLP
*Senior Deputy General Counsel*   1050 Connecticut Avenue, N.W.
COMCAST CORPORATION   Washington, D.C.  20036
300 New Jersey Avenue, N.W.   (202) 955-8500
Suite 700   mestrada@gibsondunn.com
Washington, D.C.  20001
(202) 379-7136
lynn_charytan@comcast.com

*Counsel for Movant-Intervenor Comcast Cable Communications, LLC*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, movant-intervenor Comcast Cable Communications, LLC respectfully submits the following corporate disclosure statement.

Comcast Cable Communications, LLC, which provides cable and related services, is a Delaware limited liability company wholly owned by Comcast Holdings Corporation, a Pennsylvania corporation and wholly owned subsidiary of Comcast Corporation, a publicly traded Pennsylvania corporation.  Comcast Corporation is not a subsidiary of any other corporation, nor does any publicly held corporation own 10% or more of its stock.

# CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2015, I electronically filed the foregoing Motion to Intervene with the Clerk of the Court for the U.S. Court of Appeals for the D.C. Circuit using the CM/ECF system. Service was accomplished by the CM/ECF system on the following counsel for respondents, who are registered CM/ECF users:

Stephen A. Weiswasser
COVINGTON & BURLING LLP
850 Tenth Street, N.W.
Washington, D.C. 20001
(202) 662-6000
sweiswasser@cov.com

*Counsel for Petitioner*
*The Tennis Channel, Inc.*

Jacob M. Lewis
Federal Communications Commission
Office of General Counsel
445 12th Street, S.W.
Washington, D.C. 20554
(202) 418-1700
jacob.lewis@fcc.gov

*Counsel for Respondent Federal Communications Commission*

Robert J. Wiggers
U.S. Department of Justice
Antitrust Division, Appellate Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-2460
robert.wiggers@usdoj.gov

*Counsel for Respondent United States of America*

/s/ Miguel A. Estrada
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mestrada@gibsondunn.com

*Counsel for Movant-Intervenor Comcast Cable Communications, LLC*